IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CARL LOWMASTER, )
 )
               Petitioner, )
 )
v. )     Case No. 24-3178-JWL
 )
DIRECTOR, BUREAU OF PRISONS, )
 )
               Respondent. )
 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the denial of his eligibility for a sentence reduction. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a federal prisoner serving an 84-month sentence for his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Petitioner's projected release date is December 8, 2028. At the time he filed his petition, petitioner was imprisoned within this judicial district. On October 25, 2024, however, petitioner was transferred to a facility in Colorado so that he could participate in a Residential Drug Abuse Treatment Program (RDAP). By his petition, petitioner challenges the denial by the Bureau of Prisons (BOP) of a sentence reduction pursuant to 18 U.S.C. § 3621(e) for completing the RDAP.

Respondent first argues that the Court lacks jurisdiction to grant the requested relief because petitioner is no longer imprisoned within this judicial district. "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petition and the accompanying custodial change." *See Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). In this case, the Court had jurisdiction over petitioner and his custodian at the time he filed his petition. Respondent nevertheless argues that the Court did not properly acquire such jurisdiction at that time because petitioner improperly named as respondent not his custodian (the warden of his prison) but rather the Director of the BOP. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (proper respondent to a habeas petition is the petitioner's custodian). Respondent relies on language from *Padilla* in which the Supreme Court, describing its holding in another case, stated that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *See id.* at 441. Respondent argues that because petitioner did not "properly" name his custodian in the initial filing, he cannot benefit from the rule by which a district court retains jurisdiction over a habeas case after transfer of the petitioner.

The Court declines to dismiss the case for lack of jurisdiction. Respondent has cited no authority holding that an exception to the general rule concerning transferred petitioners exists if the petitioner did not name the proper respondent in the initial filing. In that regard, the Court notes that it routinely substitutes the petitioner's custodian as the proper

respondent in habeas cases, and if such substitution had occurred early enough in this case, there would be no issue here.  Moreover, this Court has previously declined to transfer a habeas case after transfer of the petitioner where the BOP and the United States Attorney would be responsible for implementing any directive of the Court.  *See Lee v. English*, 2019 WL 3891147, at *4 (D. Kan. Aug. 19, 2019) (Lungstrum, J.), *aff'd sub nom. Jones v. English*, 817 F. App'x 580 (10th Cir. 2020).  The Court need not decide this jurisdictional issue here, however.  As respondent concedes, the Court does have jurisdiction to deny the petition on the merits, *see, e.g.*, *Al-Pine v. Richerson*, 763 F. App'x 717, 721 n.4 (10th Cir. 2019) (distinguishing jurisdiction over the action, including jurisdiction to dismiss on an alternative ground, from jurisdiction to grant relief under the statute); and because petitioner is not entitled to relief, as discussed below, the Court opts to deny the petition on its merits.

Second, respondent argues that petitioner has not exhausted his administrative remedies with respect to this claim.  Petitioner concedes that he has not completed the steps required for exhaustion here.  A narrow exception applies if exhaustion would be futile, however, *see Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), and this Court has previously suggested that exhaustion would be futile in light of the BOP's categorical denial of sentence reductions pursuant to the same policy at issue in this case, *see Hardison v. English*, 2017 WL 24614997, at *2 (D. Kan. June 7, 2017) (Lungstrum, J.).  Again, the Court need not decide the case on this basis in light of its conclusion that the petition fails on its merits.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (district court may deny unexhausted habeas claim on the merits).

The Court thus turns to the merits of petitioner's claim. The relevant statute provides for a discretionary sentence reduction for completing an RDAP as follows: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing [an RDAP] may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." *See* 18 U.S.C. § 3621(e)(2)(B). As a matter of policy, pursuant to its discretionary authority under the statute, the BOP has declared ineligible for early release any inmate (such as petitioner here) convicted of the offense of being a felon in possession of a firearm. *See* 28 C.F.R. § 550.55(b)(5)(ii) (declaring ineligible inmates with a conviction for an offense that involved the "possession" of a firearm). In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court explicitly upheld this BOP regulation, by which the BOP deems ineligible any inmate convicted of an offense involving the possession or use of a firearm. *See id.* at 238-44. The Tenth Circuit has recognized and applied the holding of *Lopez* specifically in cases involving convictions for being a felon in possession in violation of 18 U.S.C. § 922(g), *see Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007); *Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011), as has this Court, *see Lewis v. English*, 2017 WL 2461495, at *3-6 (D. Kan. June 7, 2017) (Lungstrum, J.); *Edwards v. United States*, 2022 WL 204237, at *3-5 (D. Kan. Jan. 24, 2022) (Lungstrum, J.).[1]

---

[1] In rejecting a due process claim, this Court has noted that a prisoner does not have a liberty interest in a sentence reduction under this statute. *See Edwards*, 2022 WL 204237, at *4-5.

In support of his claim, petitioner attempts to distinguish his felon-in-possession offense from other offenses involving the use or possession of a firearm, seemingly in support of an argument that his offense should be considered a "nonviolent offense" for the purpose of determining eligibility for a reduction under Section 3621(e)(2)(B). Petitioner also notes that the Supreme Court, in its recent opinion in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), overruled its previous doctrine of deference to agency statutory interpretations under *Chevron*. *See id.*

In considering the possible effect of *Loper Bright* on the Supreme Court's decision in *Lopez*, the Court first notes that it does not entirely agree with respondent that the Court in *Lopez* made its own statutory interpretation without reference to *Chevron* deference. In fact, in *Lopez* the Court agreed with the BOP's interpretation of Section 3621(e)(2)(B), by which the BOP may make non-individualized determinations pursuant to its grant of discretion concerning sentence reductions, with reference to the then-applicable *Chevron* standard. *See Lopez*, 531 U.S. at 241-42.

Nevertheless, the Court concludes that the *Loper Bright* decision does not provide a basis for relief in this case, for multiple reasons. First, petitioner appears to base his statutory-interpretation argument on the eligibility requirement of a "nonviolent" offense; but the Supreme Court made clear in *Lopez* that in promulgating the policy by which it denies a sentence reduction if the offense involved the possession of a firearm, the BOP was *not* interpreting the term "nonviolent offense," but was instead acting pursuant to its discretion concerning whether to grant sentence reductions under the statute. *See id.* at

235. Thus, there is no issue of statutory interpretation here concerning the term "nonviolent offense" to which *Loper Bright*'s overturning of *Chevron* deference might apply.

Second, with respect to the question of statutory interpretation that was decided in *Lopez* – whether the statute allows the BOP to deny sentence reductions in its discretion on a categorical, non-individualized basis – petitioner has not explained why the statute should in fact be interpreted in a different manner. The interpretation adopted by the Supreme Court is sound for the reasons set forth in *Lopez*, including the fact that Congress used the word "may" in granting the BOP discretion concerning these sentence reductions. *See id.* at 240-44. In addition, in *Loper Bright* the Supreme Court made clear that, despite its ruling in that case, Congress still has the power to confer discretionary authority on agencies, "[a]nd when a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it." *See Loper Bright*, 144 S. Ct. at 2273. Petitioner has not shown that Congress exceeded constitutional limits in delegating this discretion to the BOP or that the BOP's policy runs afoul of that statutory delegation of discretion.

Third, as respondent notes, the Supreme Court in *Loper Bright* stated explicitly that its decision did not call into question any prior decisions that relied on the *Chevron* framework, which holdings remain good law under the doctrine of *stare decisis*. *See id.* Thus, *Lopez* and the Tenth Circuit opinions applying that case to felon-in-possession offenders remain good law and must be followed by this Court. Petitioner has not provided any reason why *stare decisis* should not apply in this case.

Finally, even if petitioner had managed to persuade the Court that *Lopez* should be abrogated (he has not done so), such abrogation would not be for this Court, which is bound to follow existing precedent on this issue from the Supreme Court and the Tenth Circuit. Accordingly, the Court must uphold the BOP's policy of denying a sentence reduction to an inmate convicted of being a felon in possession of a firearm, and therefore the Court denies the petition in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 17th day of December, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge